Carr, Presiding Judge.
{¶ 22} I respectfully dissent.
{¶ 23} I disagree with the majority’s conclusion that the plain language of the policy unambiguously excludes Ms. Michaels from coverage under the spousal-exception liability coverage notwithstanding the existence of passenger-liability coverage. The policy contains no provision explaining the terms of coverage relating to passenger liability. The lack of such a provision in itself gives rise to an issue of material fact as to the scope of passenger liability coverage. Moreover, the policy defines “passenger” as “any person, other than the driver of the Insured motorcycle, while such person is occupying or in a side car attached to *653 the Insured motorcycle.” (Emphasis added.) Had Markel intended to exclude cohabiting spouses from this definition, it could have clearly and easily done so. However, construing the facts in favor of Ms. Michaels as the nonmoving party, I would conclude that Markel failed to meet its initial burden of presenting evidence to establish that a cohabiting spouse is excluded from the all-inclusive category of “any person” in the policy’s definition of “passenger.”
{¶ 24} Based on the above analysis, I would conclude that genuine issues of material fact exist as to whether and to what extent Ms. Michaels is covered under the terms of the Markel insurance policy. Accordingly, I would reverse the trial court’s award of summary judgment to Markel and remand the matter for further proceedings.